UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL MUSE, | CASE NO.   1:13-cv-00100-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| USP ATWATER STAFF, | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Earl Muse, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on December 17, 2012, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. SUMMARY OF COMPLAINT

The Complaint identifies Lieutenant Morgan, Lieutenant Miller, and Correctional Officer Cruz at the United States Penitentiary, Atwater (Atwater) as Defendants.

Plaintiff alleges that the Defendants cuffed, dressed, and detained him in a manner that violated clearly stated policy. (Compl. at 2 and 4.) Plaintiff contends that the Defendants violated his Eighth Amendment rights and committed other unspecified violations. (Id. at 4.)

## IV. ANALYSIS

### A. Bivens Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

2

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff alleges that he was cuffed, dressed, and detained by the Defendants in a way that violated unspecified procedures and policies. The Complaint contains no description of how Plaintiff was cuffed, dressed, and detained; how the manner of doing so violated procedures, policies, and Plaintiff's constitutional rights; what the procedures and policies were; and how Plaintiff was damaged as a result. Plaintiff provides no

description of the events surrounding Plaintiff's interaction with the Defendants. He does not say how each specific Defendant participated in the alleged violation. He simply asserts that they collectively violated policy and therefore violated his Eighth Amendment rights.

As pled, the Complaint fails to provide enough factual detail to identify a claim. Plaintiff will be granted an opportunity to submit an amended complaint. Before the Court can evaluate the potential viability of Plaintiff's claims, Plaintiff must describe what happened to him in sufficient detail to enable the Court to fully understand the circumstances of the alleged violation. Plaintiff should provide a chronological description of what happened and explain how each Defendant participated. He must also clearly state the basis for his knowledge and beliefs. Plaintiff's mere allegation that his detention violated the Eighth Amendment is not sufficient to state a claim. Iqbal, 129 S.Ct. at 1949.

Eleven pages of exhibits were attached to Plaintiff's initial complaint. None were referred to in the Complaint. Plaintiff may include exhibits in his amended complaint, but is not required to; they are not necessary since the Court will assume the truthfulness of all plausible factual allegations. Moreover, exhibits are not a substitute for essential allegations. If Plaintiff submits exhibits, he must incorporate them into his pleading by reference. The Court will not search through attachments to determine whether cognizable claims have been stated.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Liability may be imposed on an individual defendant if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988). A

person deprives another of a constitutional right if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See id. at 633; see also, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Leer, 844 F.2d at 634.

As noted, the Complaint is so lacking in information, that the Court can only speculate as to what constitutional violation Plaintiff wants to assert.  His reference to the Eighth Amendment and to the use of handcuffs suggests the possibility of an excessive force claim.  In case it is Plaintiff's intent to so allege, the Court sets out the legal standard applicable to such a claim in the following section.

### B.     Eighth Amendment

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'"  Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each

6

named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed December 17, 2012;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

    4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   February 27, 2013          /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE