1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL MUSE, | CASE NO.    1:13-cv-00100-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 10) |
| USP ATWATER STAFF, | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

Plaintiff Earl Muse, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on December 17, 2012, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the

1

violation of civil rights by federal actors.  (ECF No. 1.)  Plaintiff has consented to Magistrate

Judge jurisdiction.  (ECF No. 6.)

On February 28, 2013, Plaintiff's Complaint was screened and dismissed, with leave

to amend, for failure to state a cognizable claim.  (ECF No. 9.)  Plaintiff's First Amended

Complaint (ECF No. 10) is now before the Court for screening.

## II.   <u>SCREENING REQUIREMENT</u>

The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   <u>SUMMARY OF FIRST AMENDED COMPLAINT</u>

The First Amended Complaint names Lieutenant Morgan, Lieutenant Miller, and

Correctional Officer Cruz at the United States Penitentiary, Atwater (Atwater) as

Defendants.

Plaintiff alleges the following:

The Defendants detained Plaintiff in Atwater's Security Housing Unit for disciplinary

reasons.  In the process, Defendants mistreated Plaintiff by failing to observe proper

2

handcuffing procedures.  Plaintiff was cuffed at the ankles and waist without socks or underwear.  Plaintiff was cuffed to a bed with a dirty mattress for four days.  He was not allowed to shower for eleven days.  (Compl. at 3.)

IV.   **ANALYSIS**

A.   **Bivens Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff asserts that the Defendants are responsible for cuffing and detaining him

in a manner that violated his federal rights.  The amended complaint characterizes the experience as torture and physical mistreatment.  The factual allegations do not, however, support that claim or provide enough information to enable the Court to determine if Plaintiff may have a cognizable claim.

Plaintiff's factual summary is found in one brief paragraph made up of sentence fragments.  There is no chronology reflecting who did what, when, why, and how, or otherwise showing a violation of Plaintiff's rights.  Moreover Plaintiff consistently refers to the Defendants as a group so the Court cannot tell which Defendant did what.  As pled, the amended complaint fails to state a claim.

The Court's previous screening order notified Plaintiff that his pleading must include detail and factual allegations linking each Defendant to the violations alleged.  The amended complaint is essentially as vague as the original, and the Defendants remain unlinked to specific wrongful conduct.  The Court will provide Plaintiff one **final** opportunity to amend.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights.  Liability may be imposed on an individual defendant if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).  A person deprives another of a constitutional right if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See id. at 633; see also, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir.1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability).  Sweeping conclusory

4

allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

The civil rights complaint form provided by the Court instructs Plaintiff to state the facts of his case as briefly as possible. Plaintiff should keep his factual summary short and plain, but he must provide enough of a description of the events for the Court to understand what happened and how the Defendants participated. If Plaintiff can not allege enough facts for the Court to understand the basis for his claim, this action will have to be dismissed.

The following sections of this order set out the legal standards the Court believes may be applicable to Plaintiff's claim.

**B.     Eighth Amendment**

1.     Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action.

5

Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

### 2.   Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions

which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief.  The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

7

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed March 18, 2013;

2.     Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order,

8

this action will be dismissed, with prejudice, for failure to state a claim and failure to comply

with a court order.


IT IS SO ORDERED.

Dated:   March 29, 2013          /s/ *Michael J. Seng*
                          UNITED STATES MAGISTRATE JUDGE