UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL MUSE,<br><br>         Plaintiff,<br><br>    v.<br><br>USP ATWATER STAFF, et al.,<br><br>         Defendants.<br>_____ / | CASE NO.   1:13-cv-00100-MJS (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Earl Muse, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on December 17, 2012, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors.  (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 10) were

1

screened and dismissed, with leave to amend, on February 28, 2013 and March 29, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 9, 11.) Plaintiff's Second Amended Complaint (ECF No. 12) is now before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint names Lieutenant Morgan, Lieutenant Miller, Correctional Officer Cruz, and other unknown officers at the United States Penitentiary, Atwater (Atwater) as Defendants.

Plaintiff alleges the following:

Defendant Morgan ordered that Plaintiff be held be held from December 8, 2010 to December 11, 2010, while cuffed at the ankles and waist, wearing only boxer shorts and a t-shirt. During that time Defendant Cruz mishandled Plaintiff by "slamming and stripping [Plaintiff] of [his] clothes." (Compl. at 3.)

Plaintiff was confined a second time, from April 24, 2011 to April 27, 2011, on Defendant Morgan's orders. Plaintiff was again cuffed at the waist and ankles and had no underwear, socks, or t-shirt. Defendant Miller and unknown officers mishandled Plaintiff during this second period of confinement. (Id.)

Plaintiff was then held a third time, from April 27, 2011 to May 1, 2011. Plaintiff was cuffed to a wall while his feet were cuffed to a bed. The holding cell was cold and the mattress was dirty, no sheets were provided, and Plaintiff was not given underwear, socks, or a t-shirt. (Id. at 4.) Plaintiff was also deprived of a shower for eleven days as ordered by Defendant Miller. (Id.)

## IV.   ANALYSIS

### A.   Bivens Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum

v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**B.    Eighth Amendment**

1.    Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner

4

must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that he was cuffed at the waist and feet continuously for four days on three separate occasions. Plaintiff was initially restrained in boxer shorts and a t-shirt. Defendant Cruz stripped him of those clothes at some point. During the second confinement Plaintiff was left without underwear, a shirt, or socks; the amended complaint does not make clear whether Plaintiff was provided any outer clothing. Finally, throughout the final period of restraint, Plaintiff was cuffed to a wall and bed. The holding cell was cold, the mattress dirty and without sheets, and Plaintiff was given no underwear, socks, or t-shirt.

Extended time in restraints may, under certain circumstances, amount to a violation of the Eighth Amendment. See Hope, 536 U.S. at 738 (holding that cuffing an inmate to a hitching post for seven hours despite there being no emergency to necessitate it was a violation of the Eighth Amendment).

The amended complaint contends that Plaintiff suffered a serious deprivation of his Eighth Amendment rights and that the Defendants are responsible. However, the factual allegations contain so little information about the events surrounding the periods of restraint that the Court can not determine if Plaintiff's claims are cognizable or not. The Court has twice before screened Plaintiff's pleadings, pointed out their deficiencies, advised Plaintiff of the necessary legal elements of such claims, and instructed him that

in order to state a claim, he must provide a full description of the events and explain exactly how each of the Defendants participated.  This, the Second Amended Complaint, again fails to cure the deficiencies.  Having thrice failed to provide that which is necessary to state a claim, it appears Plaintiff is unlikely to be able to do so and that further leave would be futile.  Plaintiff was so warned in the Court's ruling on his First Amended Complaint.

However, the alleged circumstances of the restraint are concerning enough that the Court will give Plaintiff **one last opportunity** to try to state a claim.

Should Plaintiff choose to amend, he must provide sufficient factual allegations for the Court to evaluate the circumstances and determine whether a cognizable claim may exist.  Restraint for the periods alleged is not per se cruel and unusual.  The court can envision circumstances in which it might be cruel and unusual, but also circumstances in which it might be justified. The facts alleged to date do not adequately describe the circumstances surrounding Plaintiff's restraint.  What Plaintiff has alleged is not enough to enable the Court to allow the action to proceed; if Plaintiff again fails to provide sufficient information, the Court will conclude the facts can not support a cognizable claim and will dismiss the action without leave to amend.

The final amended complaint must explain: what events preceded each of the three confinements; whether they were, or were alleged to be, the products of emergency or disciplinary situations; what statements, if any, were made by the Defendants about why they were taking the restraining action; how exactly each Defendant participated; which Defendant ordered Plaintiff be cuffed in a cell and how Plaintiff knows this; which Defendants actually placed the restraints on him; and must describe the conditions of confinement, to include precisely what clothes, blankets, and other amenities were

6

provided and who withheld other such amenities.

Plaintiff's past pleadings have been exceptionally brief despite the Court's instruction to provide more detail. Plaintiff must provide more along the lines outlined above.

### 2. Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the

threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. Id. at 1178.

Plaintiff alleges that he was "slamm[ed]" by Defendant Cruz and "mishandle[d]" by Defendant Miller and unknown officers. These terms and allegations are too vague to state a claim. The Court does not know what Plaintiff means by the terms. Plaintiff provides no context as to how or why the force was applied. The Court will provide Plaintiff an opportunity to amend. In order to state a claim, Plaintiff must actually describe what happened and how each Defendant was involved. The factual allegations must demonstrate that the force was applied not with the intent to maintain order or restore discipline, but instead to maliciously and sadistically cause harm. Wilkins, 559 U.S. at 34. It is not sufficient for Plaintiff simply to state that conclusion; he must describe the events in such a way that the Court can evaluate the circumstances to see if Plaintiff's bare claims are supportable by anything other than his own opinion.

**C.   John Doe Defendants**

Plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person. Plaintiff also

must identify how each such named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

## V.    **CONCLUSION AND ORDER**

Plaintiff's Second Amended Complaint does not state a claim for relief. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Third Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Second Amended Complaint, filed April 8, 2013;

2. Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 17, 2013            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE