# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EARL MUSE,

               Plaintiff,

     v.

USP ATWATER STAFF, et al.,

               Defendants.

_____/

CASE NO.    1:13-cv-00100-MJS (PC)

ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM

(ECF No. 14)

CLERK SHALL CLOSE THE CASE

**SCREENING ORDER**

**I.**  **PROCEDURAL HISTORY**

Plaintiff Earl Muse, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action on December 17, 2012, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for the violation of civil rights by federal actors. (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 6.)

Plaintiff's Complaint (ECF No. 1), First Amended Complaint (ECF No. 10), and

Second Amended Complaint (ECF No. 12) were screened and dismissed, with leave to amend, on February 28, 2013, March 29, 2013, and May 17, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 9, 11, and 13.) Plaintiff's Third Amended Complaint (ECF No. 14) is now before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    SUMMARY OF THIRD AMENDED COMPLAINT

The Third Amended Complaint names Lieutenant Morgan, Lieutenant Miller, Correctional Officer Cruz, and other unknown officers at the United States Penitentiary, Atwater (Atwater) as Defendants.

Plaintiff alleges the following:

Defendant Morgan ordered that Plaintiff be held be held from December 8, 2010 to December 11, 2010, while cuffed at the ankles and waist, wearing only boxer shorts and a t-shirt. Plaintiff was not provided any other clothing. During that time Defendant Cruz

1
2
and other unknown officers mishandled Plaintiff by "slamming and stripping [Plaintiff] of [his] clothes." (Compl. at 3, 4.)

3
4
5
6
7
Plaintiff was confined a second time, from April 24, 2011 to April 27, 2011, on Defendant Morgan's orders. Plaintiff was again cuffed at the waist and ankles and had on only a pair of boxer shorts. Defendant Miller and unknown officers mishandled Plaintiff during this second period of confinement. (Id. at 4.)

8
9
10
11
12
13
Plaintiff was then held a third time, from April 27, 2011 to May 1, 2011. Plaintiff was cuffed to a wall while his feet were cuffed to a bed. The holding cell was cold and the mattress was dirty, no sheets were provided, and Plaintiff was only wearing boxer shorts. (Id. at 4.) Plaintiff was also deprived of a shower for eleven days as ordered by Defendant Miller. (Id.)

14
**IV.**   **ANALYSIS**

15
   **A.**   **Bivens Pleading Standard**

16
17
18
19
20
21
22
23
24
25
26
A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

27

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

### B.   Eighth Amendment

#### 1.   Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that

4

a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The allegations set forth in the Third Amended Complaint are substantively identical to those offered in Plaintiff's previous three pleadings.  Plaintiff alleges that he was restrained continuously for four days on three separate occasions.  Each time Plaintiff was confined in nothing but his underwear.  Plaintiff was shackled to a bed during the final period of restraint.

Extended time in restraints may, under certain circumstances, amount to a violation of the Eighth Amendment.  See Hope, 536 U.S. at 738 (holding that cuffing an inmate to a hitching post for seven hours despite there being no emergency to necessitate it was a violation of the Eighth Amendment).  However, as pled, the factual allegations are not sufficient to state a cognizable claim.

Prison officials have a duty to provide "the minimal civilized measure of life's necessities, . . . ."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citing Rhodes, 452 U.S. at 347).  "[T]he circumstances, nature, and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred."  Johnson, 217 F.3d at 731.  Plaintiff has repeatedly failed to provide sufficient factual detail for the Court to consider the circumstances surrounding his confinement.

5

Restraint for the periods alleged is not per se cruel and unusual.  The Court can envision circumstances in which it might be cruel and unusual, but also circumstances in which it might be justified.  See, e.g., Schilling v. TransCor America, LLC, 2012 WL 3257659, *8-9 (N.D. Cal. Aug. 8, 2012) (The use of restraints - leg shackles, handcuffs, belly chains, and black boxes to restrict wrist movement - for a period exceeding twenty-four hours, by itself and in the context of transportation, is not an unconstitutional deprivation under the Eighth Amendment.); Centeno v. Wilson, 2011 WL 836747, *3-4 (E.D. Cal. Mar. 4, 2011) (inmate held in restraints for seven days while placed on contraband surveillance watch, causing him pain, sores, and permanent scarring to his wrists, did not state an Eighth Amendment claim because the restraints served a valid penological purpose).  Without a description of the circumstances surrounding Plaintiff's confinement, the Court can not determine the viability of Plaintiff's claims.  Plaintiff has been instructed repeatedly that his pleading must provide circumstantial detail.  The Court's previous screening order set out specific questions regarding the confinement that the  amended complaint should have attempted to answer.

Nevertheless, the Third Amended Complaint again fails to cure the pleading deficiencies.  Plaintiff appears unwilling or unable to provide the necessary allegations; further leave to amend would be futile.  Plaintiff's Eighth Amendment conditions of confinement claims are dismissed with prejudice.

### 2.    Excessive Force

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 1178 (2010) (per curiam); Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).  What

6

is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with "the objective component being contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).  For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Necessarily excluded from constitutional recognition is the de minimis use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9-10) (quotations marks omitted).  In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 34, 130 S.Ct. at 1178 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than the resulting injury which ultimately counts.  Id. at 1178.

Plaintiff alleges that he was "slamm[ed]" by Defendant Cruz and "mishandle[d]" by Defendant Miller and unknown officers.  As stated in the Court's previous order, these terms and allegations are too vague to state a claim.  The Court does not know what Plaintiff means by the terms. Plaintiff provides no context as to how or why the force was applied.

The Court provided Plaintiff with the applicable legal standard and an opportunity to amend.  His failure to adequately plead his claim is evidence that he can not.  Further leave to amend is unnecessary.

## V.   CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.


IT IS SO ORDERED.

Dated:   May 31, 2013         _____ /s/ _Michael J. Seng_____

                              UNITED STATES MAGISTRATE JUDGE